HENRY WEAVER *v.* WEAVER & SIBLEY, Prs.
C. J. CONNER, Trustee.
EDWARD HALE, Claimant.

Partnership creditors have a preference only over property belonging to, or derived from, the firm of which they are creditors.

The separate creditors of a person who is a member of two partnerships, have a preference over his interest in property of, or derived from, one of the firms, as against creditors of the other firm.

THE defendants were Lemuel Weaver and E. Ripley Sibley, who had done business as partners, prior to 1858.    In that year, one Hoyt was admitted with the other two, and a new firm was formed by the name of Weaver, Sibley & Co.    In 1859 Weaver retired, and the trustee Conner came in, forming a new firm by the name of Sibley, Hoyt & Conner.    In April, 1860, Hoyt retired, and Sibley and Conner went along under the name of Sibley & Conner till September, 1861, when that firm was dissolved.

Conner, the trustee, disclosed that, since the dissolution of the firm of Sibley & Conner, he had settled up the affairs of that company, and that there was $200, in his hands, belonging to Sibley,—that being Sibley's share of the funds once belonging to the firm of Sibley & Conner.

This action was brought to recover a debt due to the plaintiff from the original firm, Weaver & Sibley.

Hale claims the funds in the hands of the trustee, upon the ground that he has brought a suit against Sibley individually, upon a debt against Sibley alone, being his note dated July 16, 1860, and summoned Conner as his trustee.

The service, in *Hale* v. *Sibley*, upon Conner, the trustee, was subsequent to the service upon him, in this suit.

The court ruled that Hale was entitled to the funds in the hands of the trustee, and that the trustee should be discharged; to which ruling the plaintiff excepted, and this case was reserved.

*Minot & Mugridge*, for the plaintiff.

The general principle of the prior claim of partnership creditors to partnership property, and of private creditors to private property, is not called in question. But the ruling of the court was erroneous in the application of that principle to this case.

I. The funds in the hands of the trustee are not the private property of Sibley, so as, under the principle above stated, to give the claimant priority to them, as a private creditor. It is true that the firm of Sibley & Conner has been dissolved, but that dissolution has not changed the character of the property remaining for division among the partners. The trustee, one of the partners, has collected the funds and holds them in his hands. Sibley has a claim to a certain proportion of them, but they have not yet been paid over to him, or in any way come into his hands. He could not sustain an action at law against the trustee for them. They are still partnership property. In *Tenney* v. *Johnson*, 43 N. H. 144, it was held that a dissolution of the firm and an actual conveyance of the property by one partner to the other did not make it the private property of that partner so to give his private creditors priority to it. Much less would a mere dissolution, as in this case. See also *Benson* v. *Ela*, 35 N. H. 412; *French* v. *Lovejoy*, 12 N. H. 458.

The reason on which the principle of priority is based does not apply in favor of the claimant in this case. That reason is substantial justice requiring that the fund in each case should first go to pay the debts by means of which it was created or augmented, or credit for which was given with reliance on that fund. Perley, J., in *Jarvis* v. *Brooks*, 23 N. H. 142; Bellows, J., in *Tenney* v. *Johnson*, above cited. The private demand of the claimant, on this ground, has no claim to priority to the proceeds of partnership property of Sibley & Conner, over the plaintiff. And if the equities are equal, the attachment of the plaintiff being first gives him priority.

II. In equity the plaintiff has priority to the funds in hands of the

trustee, over the claimant.  They are the proceeds of the property of Sibley & Conner.  That firm was the successor, through intermediate changes, of the original firm of Weaver & Sibley, the principal defendants in this case.  Sibley continued a partner through all the changes, and his interest in the firm of Weaver & Sibley constituted his interest in all the succeeding firms, including that of Sibley & Conner, from which the funds in the hands of the trustee come.  Under these circumstances the creditors of the original firm have priority to the funds.  According to the opinion of Sawyer, J., in *Benson* v. *Ela*, 35 N. H. 409, those creditors would have priority even over the creditors of the succeeding firms.  If so, much more over the private creditor of a member of their firms.  The doctrine in that case seems conclusive in favor of this plaintiff, without reference to the priority of his attachment.

III.  The principle above stated seems reasonable and just in cases where there are the two classes of claims and two classes of property.  The English practice in proceedings in bankruptcy, from which the principle has arisen, makes exceptions where the two classes of claims and property did not exist.  *Story on Partnership*, §378, 380.

The reasons for the principle apply to cases where a partnership is still existing, or where there is property which can be distinguished as the proceeds of a partnership.  But they do not apply to cases where the partnership has been dissolved and its property been resolved by division into the separate property of the members of the firm.  In such cases to give the private claims priority to all the private property would, so far as that property was derived from the partnership, be to give them the benefit of funds on which no reliance was made when the credit was given and which in fact were created by the claims over which they have preference.

When a partnership is existing, partnership and private creditors may be supposed to have reference to partnership and private property as means for their payment.  But no such supposition can arise when there is no partnership.  Partnership debts in equity are joint and several. *Story on Partnership*, § 362.  And under our statute they may be enforced against the separate estate of a deceased partner, though others are surviving.  Revised Statutes, chap. 161, sec. 14.  At the dissolution of the partnership they stand as claims which may be enforced against any property of either or all the partners.  And no principle of justice or equity requires that a claim arising afterwards should have priority over them to that property.  In the present case the partnership of Weaver & Sibley was dissolved by the formation of the new firm of Weaver, Sibley & Co., in 1858, and the retirement of Weaver in 1859.  The plaintiff's debt was then outstanding against him and Sibley; and the claimant's debt did not arise until in 1860.

*Rolfe*, and *A. & F. A. Fowler*, for the claimant.

DOE, J.  The question is whether the plaintiff or the claimant can hold the fund which is in the hands of the trustee.  The plaintiff is a creditor of the defendants—the original firm.  The claimant is a credi-

tor of Sibley who was a member of all the firms.   The fund is the balance belonging to Sibley as a member of the last of the firms who succeeded the defendants.   Neither the plaintiff nor the claimant is a creditor of the last firm, from whose property came the fund in controversy.

Whatever may be the number of successive partnerships, the property in the hands of the last survivor is held by him as survivor of the several firms, and all that is necessary in order to enable the different classes of partnership creditors to enforce their priority, is, that the property can be traced through the successive partnerships.   *Benson* v. *Ela*, 35 N. H. 402.   The plaintiff's right of priority, as a partnership creditor, depends upon his ability to trace the fund from his debtors to the trustee.   The case does not show that the fund was derived from the property of the defendants, and therefore the plaintiff cannot hold it by virtue of any superior right as a creditor of the defendants.

But the attachment of the fund in this suit being prior to the attachment in the claimant's suit, the plaintiff will hold the fund by his attachment, unless the claimant has preference as a creditor of Sibley. A creditor of Sibley & Conner would be entitled to the fund as against both the plaintiff and the claimant; but no such creditor appears.

The plaintiff contends that the claimant has no prior right as a creditor of Sibley, because the fund is partnership property.   But we think that any creditor of Sibley, and any creditor of any firm of which he was a member, might, by foreign attachment, hold this fund subject to the preferences recognized by law.

The plaintiff further contends that the claimant has no priority because the general principle of priority does not apply to this case,—that the reason of the rule is that the fund should first go to pay the debts by means of which it was created or augmented,—that there is no more evidence or presumption that the partnership property of Sibley & Conner was augmented by means of the claimant's debt, than there is that it was augmented by the plaintiff's debt,—and that, therefore, between the plaintiff and the claimant, the equities are equal, and the plaintiff's prior attachment must prevail.   But the rule of priority is one not applied in a special case in which it is made to appear, by evidence, that the fund was, in fact, augmented by a particular debt, or in which it is proved that a creditor expected to be paid out of a certain fund ; it is a general rule established upon an absolute and conclusive presumption that property acquired by a partnership, in good faith, in the ordinary course of business, increases the partnership property, and that property acquired by a member of the firm, in·the same manner, increases his private property, and that credit is given with reliance, in the one case, upon the partnership property, and, in the other case, upon the private property.   If the entire original capital stock of a firm is created by money obtained by the members on their individual and several credits, that stock is liable to partnership debts subsequently contracted in preference to the claims of the private creditors whose money became the capital stock.   *Ferson* v. *Monroe*, 21 N. H. 462.   There is a conclusive presumption that private creditors know that upon private property

their claims are superior and preferred, and that, upon partnership property, they are inferior and subordinate.

In this case we cannot inquire whether the property of Sibley, or the property of the defendants, or the property of Sibley & Conner, was, in fact, augmented by the claimant's debt. The case must be determined by the general rule of priority, which, upon the facts found here, has regard merely to two classes of property,—one which can be traced and distinguished as belonging, or having belonged, to a partnership whose creditors claim it,—and the other which cannot be so traced and distinguished. The first class is first applied to pay such creditors, and the other class, being all other property of an individual, is first applied to pay his separate creditors. Property derived by a member from a partnership which owes no debts, is as much his private property subject to the claims of his creditors in preference to creditors of an insolvent partnership of which he is, or was, a member, as dividends due to him from a corporation, or a legacy due to him from an executor. The rule recognizes but two sources of property—one, partnership—and the other, individual. Partnership creditors may have preference when they trace property to the firm of which they are creditors ; in all other cases the separate creditors have preference.

It is probably immaterial whether the first firm, or the defendant, Weaver, had any estate. It is doubtful whether it would be expedient to adopt any of the exceptions recognized in bankruptcy cases. A question of this kind cannot arise, under our practice, unless there are two classes of claims, and when they appear, the rule applies whether there are two classes of property or not. If there were no preference when there is no partnership property, there should be no preference when there is no separate property. It has not been understood in this State that the rule of priority applied only when there were two classes of property.

*Exception overruled.*